# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HARPER, <br><br> Petitioner, <br><br> v. <br><br> JASON BLACK, <br><br> Respondent. | Case No. 2:21-cv-06819-FMO (AFM) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

In 2018, Petitioner was convicted of contact with a minor for a sexual offense and pandering of a minor under the age of sixteen. He was sentenced to state prison for a term of 16 years. (ECF 1; *see also People v. Harper*, 2018 WL 4443282, at *1 (Cal. Ct. App. Sept. 18, 2018). The California Court of Appeal affirmed the judgment of conviction. Petitioner did not file a timely petition for review. Instead, he filed habeas corpus petitions in the California Superior Court, California Court of Appeal, and the California Supreme Court, all of which were denied. (ECF 1 at 3-5.)

On September 20, 2019, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his 2018 conviction. *See Harper v. Pfeiffer*, Case No. 2:19-cv-08166-FMO (AFM). The petition raised five claims for relief. On May 11, 2020, this Court entered judgment denying the petition on the merits and dismissing the

action with prejudice. Both this Court and the Ninth Circuit denied Petitioner's request for a certificate of appealability.

The current petition for a writ of habeas corpus, filed on August 23, 2021, again challenges Petitioner's 2018 conviction and sentence.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals.

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2021

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.